ESTATE OF HARRY ROSENBERG, MARC A. ROSENBERG, EXECUTOR, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 12244–79.      Filed March 5, 1980.

*Joseph B. Ehrlich,* for the petitioner.
*Robert E. Langley,* for the respondent.

OPINION

DAWSON, *Judge:* This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on petitioner's motion to shorten time within which to file

respondent's answer to 30 days and for expeditious hearing on case filed on August 21, 1979, and respondent's motion to dismiss for lack of jurisdiction filed on September 4, 1979. After a review of the record, we agree with and adopt his opinion which is set forth below.[1]

## OPINION OF THE SPECIAL TRIAL JUDGE

CANTREL, *Special Trial Judge:* On September 23, 1977, respondent mailed to petitioner at its last known address a notice of deficiency which determined therein an estate tax liability of $11,520. Pursuant to section 6213(a),[2] a taxpayer may file a petition with this Court within 90 days (or 150 days if the notice is addressed to a person outside the United States) after the notice of deficiency is mailed, not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day. The last day for timely filing a petition in this case was Thursday, December 22, 1977, which was not a legal holiday in the District of Columbia. On August 21, 1979, 697 days after the mailing of the notice of deficiency, this Court received and filed the petition herein. It is crystal clear that the petition was not received and filed by the Court within the 90-day period prescribed in section 6213(a). Moreover, since the petition was not mailed but rather hand-delivered to the Court where it was filed on August 21, 1979, the timely-mailing, timely-filing provisions of section 7502 are not applicable herein.

Nevertheless, petitioner strongly urges that we consider its petition to have been timely filed by reasoning that the following facts show that a fraud has been practiced upon this Court.

Harry Rosenberg died on July 2, 1973. An estate was opened, and Marc A. Rosenberg (Rosenberg) was appointed the executor thereof. Prior to November 1977, Rosenberg retained Melvyn S. Hacker, Esq. (Hacker), a practicing attorney in the State of New York, for the purpose of having the latter file a petition with this Court. Hacker prepared a "Notice of Appearance" and a

---

[1]Since the primary motion herein under consideration is a preliminary jurisdictional motion, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure, are not applicable in the present circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule. The parties were heard in oral argument at Washington, D.C., on Sept. 5, 1979, and the last exhibits were received into evidence on Dec. 10, 1979.

[2]All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.

petition and transmitted copies thereof to Rosenberg together with a letter dated November 29, 1977, indicating that the originals of those documents had been filed with this Court. They were never at any time filed with this Court.[3] Subsequent to November 29, 1977, Rosenberg repeatedly requested information from Hacker concerning the progress of the estate's petition and each time was advised that all papers had been filed with the Tax Court and that Hacker was completely discharging his responsibilities.

Believing Hacker's misrepresentations, Rosenberg asked him to file an order to show cause with the Court. Hacker represented to Rosenberg that he did so in May 1978.[4] No such order to show cause was ever filed with the Court. On April 27, 1979, Hacker in a letter to Rosenberg advised as follows:

> With reference to your father's estate and the proceedings with the Internal Revenue Service and the U.S. Tax Court I have been advised as follows:
>
> (1) A bond is required for the appeal in the sum of Twenty Thousand Dollars. Said bond has been applied for with Continental Assurance Company and should be received within the next couple of days.
>
> (2) Upon receipt of said bond an order will be issued restoring the matter to the calendar of the US Tax Court for June 7, 1979. I was advised last night that the date could be moved up to September without any difficulty.
>
> Immediately upon receipt of any of the above papers I will forward the same to you immediately. I have been further advised that the above matter will be expedited by all parties concerned.[5]

On August 21, 1979, for the first time, a petition based upon the September 23, 1977, notice of deficiency was filed with this Court by petitioner's present counsel of record.

A petition for redetermination of a deficiency must be filed with this Court within 90 days after the notice of deficiency is mailed to a taxpayer. Sec. 6213. Failure to file within the

---

[3]While Melvyn S. Hacker, Esq., and counsel for the parties advise that Mr. Hacker is licensed to practice before this Court, a thorough search of the Court's records discloses that he has never been admitted to practice before this Court. From a reading of this record, we surmise that he possessed a "Treasury Card" entitling him to practice before the Internal Revenue Service.

[4]The purportedly filed show cause order recites in part:

"LET the attorneys for the defendant [Commissioner] show cause before this court, at a term thereof to be held at the United States Tax Court, Washington, D.C. * * * why an order should not be made herein restoring this matter to the Tax Court calendar on the grounds that the Petitioners have diligently proceeded and intervening circumstances beyond the control of the petitioners caused a delay in placing the matter on the Tax Court calendar.

[5]It appears that during 1979, Hacker was undergoing psychiatric treatment. Also during that year, he pled guilty to three counts of grand larceny, after admitting that he stole about $58,000 from three clients; and after having been determined as unfit to be a member of the bar, he was disbarred.

prescribed period requires that the petition be dismissed for lack of jurisdiction. *Stone v. Commissioner*, 73 T.C. 617 (1980); *Cassell v. Commissioner*, 72 T.C. 313 (1979); *Estate of Moffat v. Commissioner*, 46 T.C. 499 (1966).[6] Since the petition was actually received by the Court and filed on August 21, 1979, which was 697 days after the mailing of the notice of deficiency, the 90-day requirement of section 6213 has not been met. Moreover, since the petition was hand-delivered to the Court on August 21, 1979, the timely-mailing, timely-filing provisions of section 7502 are simply not applicable. Consequently, we are compelled to hold that we do not have jurisdiction with respect to the petition filed herein.

The foregoing notwithstanding, which petitioner and its counsel acknowledge with refreshing candor, petitioner still insists in rapid-fire order that we should determine that we have jurisdiction with respect to the petition filed herein for the following reasons:

(1) Fundamental principles of justice and fairness in American jurisprudence permit a modicum of flexibility to a rigid adherence to any statute where truly exceptional circumstances exist and where rigid adherence thereto would be manifestly unconscionable; therefore, in the circumstances of this case, the Court should invoke equity and determine that it does have jurisdiction over the petition filed herein.

(2) Hacker's conduct constituted a fraud on the Court in that it prevented this Court from actually operating its judicial machinery.[7]

The Tax Court has only such jurisdiction as is conferred upon it by statute. It has no jurisdiction to exercise the broad common law concept of judicial power invested in courts of general jurisdiction by Article III of the Constitution. *Burns, Stix Friedman & Co. v. Commissioner*, 57 T.C. 392 (1971); secs. 7441 and 7442. Our jurisdiction to grant equitable relief is strictly limited; it exists only to the extent specifically enumerated by statute, and it does not include the power to decide equitable

---

[6]See pars. (a) and (c) of Rule 13, Tax Court Rules of Practice and Procedure.

[7]Petitioner's remaining arguments are baseless, and no extensive comment thereon is deemed necessary or appropriate in this opinion. First, the contention that respondent's deficiency determination is arbitrary is totally unsupported by this record. Second, the record is clear beyond doubt that respondent issued only one notice of deficiency to petitioner. Finally, petitioner's plea that respondent would not be prejudiced were we to find jurisdiction herein is neither relevant nor material.

questions. *Feistman v. Commissioner*, 587 F.2d 941 (9th Cir. 1978). While we are sympathetic to petitioner's plight, we cannot provide it with any equitable relief. In *Hays Corp. v. Commissioner*, 40 T.C. 436, 442–443 (1963), affd. 331 F.2d 422 (7th Cir. 1964), we stated:

> Petitioner argues that such a result would be inequitable as to it. Such an argument cannot be considered by us, however, as we do not have the jurisdiction of a court of equity. *Commissioner v. Gooch Co.*, 320 U.S. 418 (1943); *Lorain Avenue Clinic*, 31 T.C. 141 (1958). "The Internal Revenue Code, not general equitable principles, is the mainspring of [our] jurisdiction." *Commissioner v. Gooch Co., supra* at 422. The proper place for a consideration of petitioner's complaint is the halls of Congress, not here.

It has been stated by the Courts and at least one commentator that fraud upon the Court should embrace only that species of fraud which does, or attempts to, defile the Court itself, or is a fraud perpetrated by officers of the Court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication. See *Kenner v. Commissioner*, 387 F.2d 689 (7th Cir. 1968); *Toscano v. Commissioner*, 441 F.2d 930 (9th Cir. 1971); 7 J. Moore, Federal Practice, sec. 60.33, p. 512–513 (2d ed. 1948).[8]

We agree with petitioner that the conduct of Hacker, who had been retained for the purpose of filing a petition with this Court, was reprehensible. However, he never at any time filed such petition. At no time did he attempt to invoke this Court's jurisdiction. In other words, at no time did he start this Court's judicial machinery so that we would perform in the usual manner our impartial task of adjudicating this case. It follows, then, that no fraud could have been or was perpetrated upon this Court. We hold, therefore, that Hacker's nonfeasance, i.e., his omission to do an act which he ought to do, did not constitute a fraud on this Court.[9]

To accord with our views expressed herein, respondent's

---

[8]Petitioner's reliance on *Hazel-Atlas Glass Co. v. Hartford Empire Co.*, 322 U.S. 238 (1944), and *Toscano v. Commissioner*, 441 F.2d 930 (9th Cir. 1971), is misplaced. In those cases, the Court had acquired jurisdiction over the subject matter, and a party thereafter sought to vacate a judgment or decision.

[9]A fraud may well have been practiced upon petitioner-estate and even upon the Internal Revenue Service but, if so, any action taken with respect thereto must be in a court other than the Tax Court.

motion to dismiss for lack of jurisdiction will be granted and petitioner's pending motion will be rendered moot.

*An appropriate order of dismissal will be entered.*