T.C. Memo. 2001-102

UNITED STATES TAX COURT

IRVIN KIRSCHENBAUM, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10133-00.                    Filed April 26, 2001.

<u>Marc C. Rosenberg</u>, for petitioner.

<u>Jack H. Klinghoffer</u>, for respondent.

MEMORANDUM OPINION

DAWSON, <u>Judge</u>:  This case was assigned to Special Trial
Judge Stanley J. Goldberg, pursuant to Rules 180, 181, and 183.
Unless otherwise indicated, section references are to the
Internal Revenue Code, and Rule references are to the Tax Court
Rules of Practice and Procedure.  The Court agrees with and
adopts the opinion of the Special Trial Judge, which is set forth
below.

## OPINION OF THE SPECIAL TRIAL JUDGE

GOLDBERG, Special Trial Judge:  This matter is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction. Respondent moved for dismissal on the ground that the petition was not filed within the time period prescribed in section 6213(a) or section 7502.  Petitioner, in his objection to respondent's motion, contends that the petition was deposited in the mail before the expiration of the 90-day period for filing.[1] A hearing was held on the motion in Los Angeles, California. Petitioner resided in Beverly Hills, California, at the time the petition was filed.

### Background

In a notice of deficiency dated June 20, 2000, and sent by certified mail on that day, respondent determined a deficiency in petitioner's Federal income tax of $50,821 for the taxable year 1996.  There is no dispute that respondent mailed the notice of deficiency to petitioner's last known address.  The 90-day period for filing a petition with this Court expired on Monday, September 18, 2000, which was not a legal holiday in the District of Columbia.

---

[1]  The notice of deficiency was addressed to Irvin Kirschenbaum and Evelyn Kirschenbaum.  However, Evelyn Kirschenbaum did not sign the petition to the Tax Court and is not a party in this case.

The petition was signed by petitioner's attorney, Marc C. Rosenberg (Mr. Rosenberg), on September 11, 2000. The petition was received and filed with this Court on September 28, 2000. The envelope in which the petition arrived at the Court bears a private postage-meter postmark that reads, in part, "Tarzana CA Sep.15.00 POSTALIA 288967".[2]

At the hearing on respondent's motion, Mr. Rosenberg testified that on Friday, September 15, 2000, he applied the postage on the envelope addressed to the Tax Court. Mr. Rosenberg stated that he then dropped the petition into the office building's mail receptacle "in the evening" at the end of the day, apparently after the last U.S. Postal Service pickup at 4 p.m. It is unclear whether the U.S. Postal Service picked up the mail from his office building on Saturday, the following day. There is no Sunday pickup.

Mr. Rosenberg used a Francotyp-Postalia, model T-1000 (T-1000), postage meter to apply the postage and date on the envelope addressed to this Court. Although the T-1000 automatically sets the date and time for postal metering, the operators manual provides simple step-by-step instructions under the heading "To Change the Date Manually" to override its automatic internal clock. The T-1000 does not have any internal

---

[2] POSTALIA refers to a private postage meter, specifically known as Francotyp-Postalia, model T-1000.

functions indicating whether the time or date had been altered from its original setting.

Respondent's witness, William Pace (Mr. Pace) from the U.S. Postal Service, testified that ordinary delivery of first class mail from Tarzana, California, to Washington, D.C., is about 3 days. Furthermore, about 89.7 percent of first class mail sent from Tarzana, California, to Washington, D.C., is delivered within 3 days. The percentage increases to about 97 to 98 percent of such mail being delivered within 4 days, and nearly 100 percent delivered within 5 days. Mr. Pace's testimony is based on monthly statistics maintained by the U.S. Postal Service. According to the records maintained by the Transportation and Network Division of the Santa Clarita Processing and Distribution Center of the Postal Service, no special circumstances existed during the period of September 15 through 28, 2000, that would explain the delay in delivery of the petition.

## Discussion

This Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. See Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988).

Section 6212(a) authorizes the Secretary, upon determining that there is a deficiency in income tax, to send a notice of deficiency to the taxpayer by certified or registered mail. Ordinarily, a petition for redetermination of a deficiency must be filed with this Court within 90 days from the mailing of the notice of deficiency. See sec. 6213(a). The time provided for the filing of a petition with this Court is jurisdictional and cannot be extended. Failure to file within the prescribed period requires that the petition be dismissed for lack of jurisdiction. See Estate of Rosenberg v. Commissioner, 73 T.C. 1014, 1016-1017 (1980).

The 90-day period for filing a timely petition with this Court expired on Monday, September 18, 2000. The petition was filed with the Court on Thursday, September 28, 2000, which is 100 days after the mailing of the notice of deficiency.

Although the petition was received on the 100th day after the mailing of the notice of deficiency, petitioner contends that the petition was timely mailed to the Court on Friday, September 15, 2000, the 87th day after the mailing of the notice of deficiency. Petitioner also contends that even if the mail was not picked up until Monday, September 18, 2000, the 90th day after the mailing of the notice of deficiency, the petition was, nevertheless, mailed within the prescribed time period.

Section 7502 and the regulations thereunder provide that, in certain circumstances, a timely mailed petition will be treated as though it were timely filed. See sec. 7502; sec. 301.7502-1(c)(1)(iii)(a), Proced. & Admin. Regs. However, where the postmark in question is made by a private postage meter, as in this case, section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs., provides the following:

> If the postmark on the envelope or wrapper is made other than by the United States Post Office, (1) the postmark so made must bear a date on or before the last date, or the last day of the period, prescribed for filing the document, and (2) the document must be received by the agency, officer, or office with which it is required to be filed not later than the time when a document contained in an envelope or other appropriate wrapper which is properly addressed and mailed and sent by the same class of mail would ordinarily be received if it were postmarked at the same point of origin by the United States Post Office on the last date, or the last day of the period, prescribed for filing the document. However, in case the document is received after the time when a document so mailed and so postmarked by the United States Post Office would ordinarily be received, such document will be treated as having been received at the time when a document so mailed and so postmarked would ordinarily be received, if the person who is required to file the document establishes (i) that it was actually deposited in the mail before the last collection of the mail from the place of deposit which was postmarked (except for the metered mail) by the United States Post Office on or before the last date, or the last day of the period, prescribed for filing the document, (ii) that the delay in receiving the document was due to a delay in the transmission of the mail, and (iii) the cause of such delay. * * *

Although petitioner argues that "normal" delay in the transmission of the mail occurred, he failed to establish what

constituted "normal" delay in his case and the cause of such delay. Petitioner's belief that error in the transmission of mail caused the petition to arrive on the 100th day--13 days after the petition was allegedly mailed--is unfounded. He is essentially claiming, on the basis of "chance", and without evidentiary support, that compounded human errors, including mail lodged in mail boxes or drop slots and accidental mailing to Washington State, may have delayed the receipt of his petition by this Court by 10 days beyond its ordinary delivery time. Petitioner's argument, without corroboration, is mere conjecture and does not meet the criteria established in section 7502 and its regulations. See sec. 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs.

In the alternative, Mr. Rosenberg argues that because he did not know that the date could be altered on the T-1000 or how to alter the date on the T-1000 at the time of the mailing, then he could not have altered the postage date on the envelope of the petition; thus, "it was as good as a date stamp at the U.S. Post Office or by certified mail." This argument has no basis in the law. The regulations state the specific criteria that must be met if a taxpayer does not use a U.S. Postal Service postmark, and instead chooses to use a private postage meter postmark to mail and file time-sensitive documents with the Court.

The petition was received by the Court after the expiration of the 90-day filing period, and petitioner has failed to meet the criteria stated in the regulations to prove a timely filing. Accordingly, we hold that this case must be dismissed for lack of jurisdiction on the ground that the petition was not timely filed. Petitioner could have avoided such a result if the envelope containing the petition had been mailed by registered or certified mail and postmarked by the U.S. Postal Service on or before September 18, 2000. See sec. 7502(a), (c); sec. 301.7502-1(c)(2), Proced. & Admin. Regs.

To reflect the foregoing,

<u>An order and order of dismissal for lack of jurisdiction will be entered</u>.