T.C. Summary Opinion 2006-55


UNITED STATES TAX COURT


LINDA L. DOMANICO AND ANTHONY M. DOMANICO, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 18992-04S.                    Filed April 19, 2006.


Linda L. Domanico and Anthony M. Domanico, pro sese.

<u>Joan Casali</u>, for respondent.


ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect when the petition was filed.[1]  The decision to be entered
is not reviewable by any other court, and this opinion should not
be cited as authority.

-------------------------

[1]  Unless otherwise indicated, all subsequent section
references are to the Internal Revenue Code in effect for 2001,
the taxable year in issue.  All monetary amounts are rounded.

Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 2001 of $4,046. The deficiency is attributable solely to the 10-percent additional tax under section 72(t) on an early distribution from a qualified retirement plan.

After petitioners' partial concession concerning the amount of the deficiency in dispute,[2] the sole issue for decision is whether petitioners are liable under section 72(t) for the 10-percent additional tax on an early distribution from petitioner Linda L. Domanico's section 401(k) qualified retirement plan (401(k) plan). We hold that they are.

## Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulation of facts and accompanying exhibits.

At the time that the petition was filed, petitioners resided in Lindenhurst, New York.

From 1978 to 1996, petitioner Linda L. Domanico (Mrs. Domanico) worked as a flight attendant for Trans World Airlines,

---

[2] On or about Dec. 11, 2003, petitioners paid to respondent $931 in respect of the $4,046 deficiency representing the 10-percent additional tax under sec. 72(t) on $8,560 of petitioner Linda L. Domanico's 401(k) plan distribution, which portion petitioners conceded was not used for higher education expenses, plus interest thereon. However, as discussed infra in the text, the distribution of $40,457 less her education expenses of $32,147 equals $8,310. This discrepancy is not explained in the record.

Inc. (TWA).  During her employment with TWA, Mrs. Domanico participated in TWA's 401(k) plan.

In 1996, Mrs. Domanico terminated her employment with TWA because of a permanent injury that she incurred on board an aircraft.  Several years later, she continued her studies towards a permanent teaching certificate.  In 2000, Mrs. Domanico began her graduate studies.  She incurred the following higher education expenses:

| Year | College | Amount |
|------|---------|--------|
| 1999 | Adelphi & St. John's University | $6,273 |
| 2000 | St. John's University | 11,848 |
| 2001 | St. John's University | 10,357 |
| 2002 | Teacher Education Institute | 517 |
| 2003 | Teacher Education Institute | 3,152 |
|      | Total | $32,147 |

During 2001, Mrs. Domanico was also employed as a librarian.

TWA informed Mrs. Domanico by letter dated July 25, 2001, that American Airlines had acquired TWA and that she was

> eligible to "roll over" your account balance to another qualified plan or IRA.  You were advised that, once your TWA-sponsored Plan (the "Plan") is terminated, you will be required to:  (i) make an election either to roll over the balances in that plan to the American Airlines $uper $aver Plan (or other qualified plan if you take a job with another company that allows such rollovers); (ii) transfer your balances to an individual IRA; or (iii) take a direct distribution.

On the basis of her research of the 2001 U.S. Master Tax Guide (Master Tax Guide), a tax guide published by Commerce Clearing House, Inc., a private commercial publisher, Mrs. Domanico decided to take a direct distribution of $40,457 from

the 401(k) plan in 2001.  At the time of the distribution, she had not reached 55 years of age, nor was she disabled.

In 2001, the year that she received the distribution, Mrs. Domanico used $10,357 of the distribution to pay higher education expenses that she incurred in that year.  With the exception of $8,560, see supra note 2, she used the remaining funds to (1) pay off debt that she had incurred in 1999 and 2000 for higher education expenses and (2) pay for higher education expenses that she subsequently incurred in 2002 and 2003.

Petitioners timely filed a Form 1040, U.S. Individual Income Tax Return, for 2001.  On their return, petitioners reported the $40,457 distribution as income but did not report the 10-percent additional tax for an early distribution under section 72(t).  On Form 5329, Additional Taxes on Qualified Plans (Including IRAs), and Other Tax-Favored Accounts, petitioners indicated that the early distribution was not subject to the additional tax by virtue of exception 8 (IRA distributions made for higher education expenses).

In the notice of deficiency, respondent determined that petitioners are liable for the 10-percent additional tax on the early distribution from Mrs. Domanico's 401(k) plan pursuant to section 72(t).  An attachment to the notice of deficiency stated, in relevant part:

> the qualified retirement plan in question was not an
> individual retirement plan, and that the additional tax

cannot be avoided by offset of the distribution by qualified education expenses. * * * any qualified education expense offset is limited to expenses paid during the taxable year of distribution.

Petitioners timely filed a petition with the Court disputing the determined deficiency. Paragraph 4 of the petition states:

I used an early distribution from a qualified plan for educational expenses. I was forced to make a decision, by my employer, and I thought I interpreted the tax code correctly. The monies that I used were entirely my contributions. I was told that had I rolled them over for "one day", they would be exempt from the penalty (10%). I feel I am being penalized (harshly) for such a finite misinterpretation. I would greatly appreciate a favorable ruling.

### Discussion[3]

Petitioners contend that the distribution from Mrs. Domanico's 401(k) plan is excepted from the 10-percent additional tax on early distributions because they used the funds to pay for Mrs. Domanico's higher education expenses incurred from 1999 through 2003. In support of their contention, petitioners rely on paragraph 2179 of the Master Tax Guide that states in pertinent part:

**2179. Early Distributions.** Distributions from a traditional IRA to a participant before the individual has reached age 59 ½ are generally subject to the same 10% penalty that applies to early distributions from qualified plans. Many of the exceptions to the early distribution penalty also apply to early distributions from a traditional IRA. * * * The following

---

[3] The facts are not in dispute, and the issue is essentially one of law. Accordingly, we decide the issue without regard to sec. 7491.

exceptions to the 10% penalty also apply when early distributions are made from an <u>IRA</u>.

\* \* \* \* \* \* \*

*Education Expenses*. The 10% penalty does not apply if the individual uses the <u>IRA</u> money to pay for "qualified higher education expenses" for the individual, the individual's spouse, child, or grandchild of the individual or the individual's spouse. Qualified expenses included [sic] tuition at a post-secondary educational institution, books, fees, supplies and equipment (Code Sec. 72(t)(2)(E)). [Emphasis added.]

Therefore, in petitioners' view, because distributions from an IRA and a qualified plan; i.e., a 401(k) plan, are treated the same in some instances for purposes of the 10-percent penalty and because a distribution from an IRA that is used for higher education expenses is exempt from the 10-percent penalty, a distribution from a qualified plan that is used for higher education expenses should also be exempt from the 10-percent penalty. Moreover, according to petitioners, a one-time distribution should cover expenses incurred over a number of years because paragraph 2179 of the Master Tax Guide does not state that the funds must be used in the same calendar year that the distribution is received. As discussed below, we disagree with petitioners' contention.

First, it is well settled that the authoritative sources of Federal tax law are the statutes, regulations, and judicial decisions and not guides such as the Master Tax Guide that are published by private commercial publishers. See, e.g., <u>Zimmerman</u>

v. Commissioner, 71 T.C. 367, 371 (1978), affd. without published opinion 614 F.2d 1294 (2d Cir. 1979).

Second, section 72(t)(1) imposes an additional tax on distributions from a "qualified retirement plan" equal to 10 percent of the portion of such amount that is includable in gross income unless the distribution comes within one of several statutory exceptions. For purposes of the 10-percent additional tax, a qualified retirement plan includes both a 401(k) plan and an individual retirement account or individual retirement annuity (collectively, IRAs). See secs. 72(t)(1), 401(a), (k)(1), 4974(c)(1), (4), and (5).

Lastly, as relevant herein, the 10-percent additional tax imposed on early distributions from qualified retirement plans does not apply to distributions from "individual retirement plans" used for higher education expenses of the taxpayer for the taxable year. Sec. 72(t)(2)(E).[4] An individual retirement plan is defined as an individual retirement account or individual retirement annuity (commonly referred to as IRAs). Sec.

---

[4] Sec. 72(t)(2)(E) provides:

SEC. 72(t) 10-PERCENT ADDITIONAL TAX ON EARLY DISTRIBUTIONS
          FROM QUALIFIED RETIREMENT PLANS.--
          *    *    *    *    *    *    *
          (E) Distributions From Individual Retirement
Plans For Higher Education Expenses.-- Distributions to
an individual from an individual retirement plan to the
extent such distributions do not exceed the qualified
higher education expenses * * * of the taxpayer for the
taxable year. * * *

7701(a)(37). Retirement plans qualified under section 401(a) and (k), however, are not included in the definition of "individual retirement plan" under section 7701(a)(37).

Clearly, Congress intended this exception to apply only to distributions from "individual retirement plans"; i.e., IRAs, and not to all qualified retirement plans. See secs. 4974(c)(4) and (5) and 7701(a)(37); Taxpayer Relief Act of 1997, Pub. L. 105-34, sec. 203(a), 111 Stat. 809. This is evident in the report of the Committee on the Budget, which provides:

> Penalty free IRA withdrawals for education expenses--The bill provides that individuals may make penalty-free withdrawals from their IRAs to pay for the undergraduate and graduate higher education expenses of themselves, their spouses, their children and grandchildren or the children or grandchildren of their spouses. [Emphasis added.]

H. Rept. 105-148, at 288-289 (1997), 1997-4 C.B. (Vol. 1) 319, 610-611. The report of the Committee on the Budget specifically provides that only withdrawals from IRAs that are used for higher education expenses will qualify as withdrawals excepted from the 10-percent additional tax. Id.

In the present case, Mrs. Domanico's 401(k) plan is a qualified retirement plan, and distributions therefrom are subject to the 10-percent additional tax under section 72(t)(1) absent an applicable statutory exception.[5] Although Mrs.

---

[5] None of the exceptions under sec. 72(t)(2)(A) (e.g., distributions (1) made after the employee attains age 59 ½, (2)

(continued...)

Domanico used her 401(k) plan distribution for a commendable purpose; i.e., to pay for higher education expenses, the distribution does not qualify for the higher education expenses exception under section 72(t)(2)(E) because the distribution was not from an IRA.  Although the common retirement-oriented purpose of a 401(k) plan and an individual retirement plan may have led petitioners to a "finite misinterpretation" based on their reading of the Master Tax Guide, a 401(k) plan and an individual retirement plan are separate and distinct in that only withdrawals from an IRA may qualify for this exception.[6]  See secs. 72(t)(2)(E), 401(k), 408(a), and (b).  The distinction between the two for purposes of section 72(t)(2)(E) may appear to exalt form over substance, but it is a distinction that is legislatively mandated.

In closing, we think it appropriate to observe that we found petitioners to be very conscientious taxpayers who obviously take their Federal tax responsibilities quite seriously.  We recognize that the difference between a qualified retirement plan and an

---

[5](...continued)
attributable to an employee's being disabled, or (3) made to an employee after separation from service after attainment of age of 55) apply in this case.

[6]  In contrast to petitioners' "finite misinterpretation", we note that par. 2179 of the Master Tax Guide is consistent with the statutory language in that it identifies education expenses as an additional exception that applies "when early distributions are made from an IRA".

IRA is highly technical, and we applaud petitioners for their efforts in researching the tax consequences of receiving a 401(k) plan distribution.  The Tax Court, however, is a court of limited jurisdiction and lacks general equitable powers.  Commissioner v. McCoy, 484 U.S. 3, 7 (1987); Hays Corp. v. Commissioner, 40 T.C. 436, 442-443 (1963), affd. 331 F.2d 422 (7th Cir. 1964). Consequently, our jurisdiction to grant equitable relief is limited.  Woods v. Commissioner, 92 T.C. 776, 784-787 (1989); Estate of Rosenberg v. Commissioner, 73 T.C. 1014, 1017-1018 (1980).  Although we acknowledge that petitioners used the 401(k) plan distribution for a laudable purpose, absent some constitutional defect, we are constrained to apply the law as written, see Estate of Cowser v. Commissioner, 736 F.2d 1168, 1171-1174 (7th Cir. 1984), affg. 80 T.C. 783, 787-788 (1983), and we may not rewrite the law because we may "'deem its effects susceptible of improvement'", Commissioner v. Lundy, 516 U.S. 235, 252 (1996) (quoting Badaracco v. Commissioner, 464 U.S. 386, 398 (1984)).  Accordingly, petitioners' appeal for relief must, in this instance, be addressed to their elected representatives. "The proper place for a consideration of petitioner's complaint is the halls of Congress, not here."  Hays Corp. v. Commissioner, supra at 443.

Therefore, we conclude that Mrs. Domanico's 401(k) plan distribution is subject to the additional tax under section

72(t).  Accordingly, we sustain respondent's determination on this issue.

## Conclusion

We have considered all of the other arguments made by petitioners, and, to the extent that we have not specifically addressed them, we conclude that those arguments are contrary to the legislative mandate.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect our disposition of the disputed issue, as well as petitioners' partial concession, see <u>supra</u> note 2,

<u>Decision will be entered</u>

<u>for respondent.</u>