T.C. Summary Opinion 2006-177


UNITED STATES TAX COURT


RICHARD D. SMART, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12217-05S.             Filed October 25, 2006.


Richard D. Smart, pro se.

<u>Joseph T. Ferrick</u>, for respondent.


ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1]  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for 2002, the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 2002 of $11,625.10. The sole issue for decision is whether petitioner is liable, under section 72(t), for the 10-percent additional tax on an early distribution from petitioner's qualified retirement plan. We conclude that he is.

## Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulation of facts and accompanying exhibits.

At the time that the petition was filed, petitioner resided in Macomb, Illinois.

Petitioner worked for Connor Company for 22 years. He participated in the company's Employees Savings and Profit Sharing 401(k) Plan (401(k)) and retired in 2002 at the age of 54.[2]

During 2002, petitioner received two distributions from his 401(k) account. One of the distributions comprised just the earnings on the money invested into his 401(k) account; petitioner rolled over the entire amount, $110,686.68, into an individual retirement account. This distribution is not at issue in this case.

_____

[2] There is no dispute that this 401(k) plan is a qualified retirement plan for Federal tax purposes. See secs. 401(a), (k)(1), 4974(c)(1).

The other distribution, $116,251.20, comprised the employer and pretax employee contributions to petitioner's 401(k); income tax was withheld from this distribution, and he used a portion of the distribution to pay off personal debts. He used the remainder, approximately $30,000, to assist in the acquisition of his first home.

Petitioner timely filed a Form 1040, U.S. Individual Income Tax Return, for 2002. On his return, petitioner properly reported the $116,251.20 distribution as income but did not report the 10-percent additional tax for early distributions under section 72(t). In the notice of deficiency, respondent determined that petitioner was liable for the 10-percent additional tax on the early $116,251.20 distribution (hereinafter the distribution) from his 401(k) plan pursuant to section 72(t).

## Discussion[3]

Generally, a distribution from a qualified plan is

---

[3] We decide the issue in this case without regard to the burden of proof because the facts are not in dispute, and the issue is legal in nature. See sec. 7491(a); Rule 142(a); Higbee v. Commissioner, 116 T.C. 438 (2001). In addition, petitioner does not argue that the burden of proof in this case should be shifted to respondent under sec. 7491. Furthermore, as we do not decide the issue in this case on the burden of proof, regardless of whether the $11,625.10 additional tax under sec. 72(t) would be considered an "additional amount" under sec. 7491(c), and regardless of whether the burden of production with respect to this additional tax would be on respondent, respondent in this case has met any such burden of production by showing that petitioner received the distribution when he was 54 years of age. See H. Conf. Rept. 105-599, at 241 (1998), 1998-3 C.B. 747, 995.

includable in the distributee's gross income in the year of distribution under the provisions of section 72. Secs. 61(a)(11), 402(a); see secs. 401(a), 4974(c)(1). Such distributions made prior to a taxpayer's attaining the age of 59½ that are includable in income are generally subject to a 10-percent early withdrawal tax unless an exception to the tax applies. Sec. 72(t)(1).

The section 72(t) additional tax is intended to discourage premature distributions from retirement plans. Dwyer v. Commissioner, 106 T.C. 337, 340 (1996); see also S. Rept. 93-383, at 134 (1973), 1974-3 C.B. (Supp.) 80, 213. Being debt free is a laudable financial goal. Regrettably, no exception applies for that purpose; the money petitioner used to pay off his personal debts remains subject to the 10-percent additional tax. While petitioner's hard work enabled him to retire a bit early, the tax code is sometimes unforgiving in its attempts at standardization.

Section 72(t)(2)(F) does exempt distributions from the early withdrawal tax to the extent such distributions are qualified first-time homebuyer distributions. However, the maximum amount of a distribution that may be treated as a qualified first-time homebuyer distribution is $10,000. See sec. 72(t)(8)(B). Therefore, only $10,000 of the approximately $30,000 petitioner used to acquire his first home would be eligible for relief from the additional 10-percent tax under the exception, if applicable,

and the remainder would be subject to the additional 10-percent tax.

A "[q]ualified first-time homebuyer distribution" is any payment received by an individual to the extent that the distribution is used by that individual within 120 days to pay qualified acquisition costs with respect to a principal residence if the individual is a first-time homebuyer. Sec. 72(t)(8)(A). Unfortunately, the exception under 72(t)(8) is a technical one, and, because of tragic family circumstances, petitioner falls outside the exception.

Petitioner received the distribution in late 2002. His younger brother passed away in 2003, and consequently, petitioner's new home acquisition was delayed until the fall of 2004, bringing him outside the 120-day window.

If the language of a statute is plain, clear, and unambiguous, the statutory language is to be applied according to its terms unless a literal interpretation of the statutory language would lead to absurd results. Robinson v. Shell Oil Co., 519 U.S. 337, 340 (1997); Consumer Prod. Safety Commn. v. GTE Sylvania, Inc., 447 U.S. 102, 108 (1980); United States v. Am. Trucking Associations, Inc., 310 U.S. 534, 543-544 (1940); Allen v. Commissioner, 118 T.C. 1, 7 (2002). In the instant case, the Court deeply sympathizes with petitioner for his loss, but we are bound by the statutory language and unable to extend

the time limit imposed by law.

Since the distribution was funded by petitioner's own contributions and matching contributions by his former employer, petitioner argues that the additional tax should not be applied to these funds even if it would have been applied to a distribution consisting of the earnings on the funds contributed. Unfortunately, the tax laws make no distinction, see sec. 61(a)(11), and the 10-percent additional tax applies equally to both sources of funds.

In closing, we think it appropriate to observe that we found petitioner to be a very conscientious taxpayer who takes his Federal tax responsibilities seriously.  The Tax Court, however, is a court of limited jurisdiction and lacks general equitable powers.  Commissioner v. McCoy, 484 U.S. 3, 7 (1987); Hays Corp. v. Commissioner, 40 T.C. 436, 442-443 (1963), affd. 331 F.2d 422 (7th Cir. 1964).  Consequently, our jurisdiction to grant equitable relief is limited.  Woods v. Commissioner, 92 T.C. 776, 784-787 (1989); Estate of Rosenberg v. Commissioner, 73 T.C. 1014, 1017-1018 (1980).  This Court is limited by the exceptions enumerated in section 72(t).  See, e.g., Arnold v. Commissioner, 111 T.C. 250, 255-256 (1998); Schoof v. Commissioner, 110 T.C. 1, 11 (1998).  Although we acknowledge that petitioner used his distributions for entirely reasonable purposes, absent some constitutional defect we are constrained to apply the law as

- 7 -

written, see <u>Estate of Cowser v. Commissioner</u>, 736 F.2d 1168, 1171-1174 (7th Cir. 1984), affg. 80 T.C. 783 (1983), and we may not rewrite the law because we may "'deem its effects susceptible of improvement'", <u>Commissioner v. Lundy</u>, 516 U.S. 235, 252 (1996) (quoting <u>Badaracco v. Commissioner</u>, 464 U.S. 386, 398 (1984)). Accordingly, we must sustain respondent's determination.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect our disposition of the disputed issue,

<u>Decision will be entered</u>

<u>for respondent.</u>