T.C. Summary Opinion 2007-158


UNITED STATES TAX COURT


FLOYD WILLIAM MUNSINGER & AUDREANNE ELISE LEWALLEN,
f.k.a. AUDREANNE ELISE MUNSINGER, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 19896-06S.                    Filed September 10, 2007.


Audreanne Elise Lewallen, pro se.

Michael W. Lloyd, for respondent.


ARMEN, Special Trial Judge: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1] Pursuant to section 7463(b), the decision to be entered is not reviewable by any

_____

[1] Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioners' Federal income tax for 2004 of $1,684. As petitioners have conceded the deficiency, the sole issue remaining for decision is whether petitioners are each entitled to relief from joint and several liability from the deficiency under section 6015.

## Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulations of facts at trial and accompanying exhibits.

At the time the petition was filed, Floyd William Munsinger (Mr. Munsinger) and Audreanne Elise Lewallen (Ms. Lewallen), jointly referred to herein as petitioners, resided in Wyoming.

For the taxable year 2004, petitioners were married and filed a joint Federal income tax return. The return was prepared by H&R Block based on information and documents furnished by petitioners.

Petitioners erroneously omitted $8,203 of wage income from their 2004 return, $2,886 of which was attributable to Ms. Lewallen and $5,317 of which was attributable to Mr. Munsinger. The omitted wage income represented one-third of petitioners' total income for the year. Ms. Lewallen had actual knowledge of Mr. Munsinger's various employments, specifically including his

employment as a welder for Progress Rail Services; it was this wage income attributable to Mr. Munsinger that was omitted from the 2004 return.

Petitioners divorced in November 2005. Their divorce decree is silent regarding the allocation of responsibility for any outstanding Federal tax liabilities.

The notice of deficiency, sent jointly to petitioners on August 21, 2006, determined a deficiency of $1,684. The deficiency stemmed solely from the omitted items of wage income.

Although petitioners subsequently conceded the deficiency in its entirety, they each seek relief from the joint and several liability created by the filing of their 2004 return.

Only Ms. Lewallen appeared at trial.[2]

### Discussion

A.  Relief From Joint and Several Liability

Generally, married taxpayers may elect to file a joint Federal income tax return. Sec. 6013(a). After making the election, each spouse is jointly and severally liable for the entire tax due. Sec. 6013(d)(3). Section 6015 provides three avenues for relief from that liability (sometimes referred to as "innocent spouse relief") to a taxpayer who has filed a joint return:  (1) Section 6015(b) allows relief for understatements of

---

[2]  Although respondent moved to dismiss Mr. Munsinger's case for lack of prosecution, we denied the motion as Mr. Munsinger had signed a stipulation of facts in the case.

tax attributable to certain erroneous items on a return; (2) section 6015(c) provides relief for a portion of an understatement of tax to taxpayers who are separated or divorced; and (3) section 6015(f) more broadly confers on the Secretary the discretion to grant equitable relief to taxpayers who otherwise do not qualify under section 6015(b) or (c).  See also sec. 6015(e).

Except as otherwise provided in section 6015, the taxpayer bears the burden of proof to show his or her entitlement to relief.  Rule 142(a); Alt v. Commissioner, 119 T.C. 306, 311 (2002), affd. 101 Fed. Appx. 34 (6th Cir. 2004).

B.  Mr. Munsinger

Mr. Munsinger jointly filed the petition giving rise to the instant action, and he signed a stipulation of facts.  However, he did not appear in person at trial to testify.

Mr. Munsinger's stipulation of facts did not address the issue before us, namely, his request for relief from joint and several liability.  It merely conceded the deficiency stemming from, in part, his own receipt of gross income from wages in the amount of $5,317.

As noted above, the taxpayer bears the burden of establishing entitlement to relief.  Rule 142(a); Alt v. Commissioner, supra.  Mr. Munsinger has not met his burden, and

accordingly, we hold that he is not entitled to relief under section 6015 for the taxable year in issue.

C.  Ms. Lewallen

Ms. Lewallen earned approximately one-third of the income giving rise to the understatement of tax.  Mr. Munsinger earned the bulk of it.  In both the petition and at trial, Ms. Lewallen requested that she not be held liable for more than half of the deficiency resulting from the underreporting of wages.  However, despite the understandable nature of her request, the Court is a court of limited jurisdiction, and we are not at liberty to make decisions based solely in equity.  See Commissioner v. McCoy, 484 U.S. 3, 7 (1987); Woods v. Commissioner, 92 T.C. 776, 784-787 (1989); Estate of Rosenberg v. Commissioner, 73 T.C. 1014, 1017-1018 (1980); Hays Corp. v. Commissioner, 40 T.C. 436, 442-443 (1963), affd. 331 F.2d 422 (7th Cir. 1964).  In addition, we are bound by the constraints imposed by the Internal Revenue Code, and any ability we have to grant Ms. Lewallen relief from complete joint and several liability must be made within section 6015's framework.

1.  Relief Under Section 6015(b)

Section 6015(b) provides full or apportioned relief from joint and several liability for tax (including interest, penalties, and other amounts) to the extent that such liability is attributable to an understatement of tax.  To be eligible for

relief, the requesting spouse must establish that in signing the return, he or she "did not know, and had no reason to know" of the understatement.  Sec. 6015(b)(1)(C), (2).  Ms. Lewallen does not satisfy the applicable statutory requirements.

Where a spouse seeking relief from joint and several liability has actual knowledge of the underlying transaction that produced the omitted income, relief is unavailable.  See sec. 6015(b)(1)(C); Cheshire v. Commissioner, 115 T.C. 183, 192-193 (2000), affd. 282 F.3d 326 (5th Cir. 2002).  Ms. Lewallen had actual knowledge of the item of income omitted from the 2004 return attributable to Mr. Munsinger, namely, his employment with Progress Rail Services.  Therefore, petitioner is not entitled to relief under section 6015(b).[3]

2.  Relief Under Section 6015(c)

Section 6015(c) allows proportionate tax relief (if a timely election is made) through allocation of the deficiency between individuals who filed a joint return and are no longer married, are legally separated, or have been living apart for a 12-month period.  Generally, this avenue of relief allows a spouse to elect to be treated as if a separate return had been filed.  Rowe

---

[3]  Further, the items that were omitted from petitioners' 2004 Federal income tax return giving rise to the understatement included income items attributable to Ms. Lewallen herself; it would not be inequitable to hold her liable for the understatement attributable to her omitted income.  See sec. 6015(b)(1)(D).

v. Commissioner, T.C. Memo. 2001-325.  Relief under section 6015(c), however, is not available if the Commissioner demonstrates that the requesting spouse had actual knowledge, at the time the return was signed, of any item giving rise to a deficiency (or portion thereof) that is not allocable to such individual.[4]  Sec. 6015(c)(3)(C); Hopkins v. Commissioner, 121 T.C. 73, 86 (2003); Cheshire v. Commissioner, supra at 193-194.  As noted above, Ms. Lewallen had actual knowledge of Mr. Munsinger's employment with Progress Rail Services, the item giving rise to the underpayment not allocable to her; therefore, relief is not available to Ms. Lewallen under section 6015(c).

### 3.  Relief Under Section 6015(f)

Section 6015(f) grants the Commissioner discretion to relieve an individual, where relief is not available under section 6015(b) or (c), from joint liability if taking into account all the facts and circumstances, it is inequitable to

---

[4]  The knowledge requirement under sec. 6015(c)(3)(C) does not require the requesting spouse to possess actual knowledge of the tax consequences arising from the item giving rise to the deficiency.  Hopkins v. Commissioner, 121 T.C. 73, 86 (2003); Cheshire v. Commissioner, 115 T.C. 183, 194 (2000), affd. 282 F.3d 326 (5th Cir. 2002); sec. 1.6015-3(c)(2), Income Tax Regs. Rather, the statute mandates only a showing that the requesting spouse actually knew of the item on the return that gave rise to the deficiency (or portion thereof), without regard as to whether he or she knew of the tax consequences.  Mitchell v. Commissioner, 292 F.3d 800, 805 (D.C. Cir. 2002), affg. T.C. Memo. 2000-332; Cheshire v. Commissioner, supra.  In the instant case, however, we are convinced that Ms. Lewallen also knew that wages are includable as income and fully taxable.

hold the individual liable for any unpaid tax or deficiency.[5] Sec. 6015(f). As previously discussed, Ms. Lewallen is not entitled to relief under section 6015(b) or (c).

As directed by section 6015(f), the Commissioner has prescribed guidelines in Rev. Proc. 2003-61, 2003-2 C.B. 296, modifying Rev. Proc. 2000-15, 2000-1 C.B. 447, that are to be used in determining whether it is inequitable to hold a requesting spouse liable for all or part of the liability for any unpaid tax or deficiency.[6] Rev. Proc. 2003-61, sec. 4.01, 2003-2 C.B. at 297, sets forth seven threshold conditions that must generally be satisfied before the Commissioner will consider a request for equitable relief under section 6015(f).

Insofar as her own omitted wage income is concerned, Ms. Lewallen does not satisfy all of the threshold conditions. Condition 7 of Rev. Proc. 2003-61, sec. 4.01, requires that the income tax liability from which the requesting spouse seeks relief is attributable to an item of the "nonrequesting spouse",

---

[5] Although normally the Court will review the Commissioner's denial of relief under sec. 6015(f) under an abuse of discretion standard, see, e.g., Jonson v. Commissioner, 118 T.C. 106, 125 (2002), affd. 353 F.3d 1181 (10th Cir. 2003), the request for relief in this case was not made until the petition was filed.

[6] Rev. Proc. 2000-15, 2000-1 C.B. 447, was superseded by Rev. Proc. 2003-61, 2003-2 C.B. 296, which is effective as to requests for relief filed on or after Nov. 1, 2003, and for requests for relief pending on Nov. 1, 2003, as to which no preliminary determination letter had been issued as of that date.

i.e., Mr. Munsinger, unless one of the enumerated exceptions applies, which none do.

As to the omitted wage income attributable to Mr. Munsinger, Ms. Lewallen does satisfy the seven threshold conditions. The inquiry then turns to whether any circumstances are present under which relief would normally be granted. See id., sec. 4.02, 2003-2 C.B. at 298. Ms. Lewallen testified at trial that she would not suffer economic hardship if relief were not granted, and no special circumstances are present in this case.

Consequently, we must examine whether, taking into account all the facts and circumstances, it is inequitable to hold Ms. Lewallen liable for all or part of the deficiency stemming from the omission of Mr. Munsinger's wage income. See id., sec. 4.03, 2003-2 C.B. at 298. We hold that it is not.

Petitioners' divorce decree is silent on the allocation of outstanding Federal tax debts, and, as noted above, Ms. Lewallen would not suffer economic hardship if relief were not granted. Most importantly, however, Rev. Proc. 2003-61, sec. 4.03, specifically states that actual knowledge by the requesting spouse of the item giving rise to the deficiency is a strong factor weighing against relief and may be overcome only if the factors in favor of equitable relief are particularly compelling. Unfortunately for Ms. Lewallen, no compelling factors present

themselves in this case, and Ms. Lewallen is not entitled to relief under section 6015(f).

Conclusion

For the reasons discussed above, neither petitioner is entitled to relief from joint and several liability from the deficiency determined by respondent for 2004.

To reflect our disposition of the disputed issue as to each petitioner,

Decision will be entered

for respondent.