T.C. Summary Opinion 2011-64

UNITED STATES TAX COURT

LARRY RAY ZEDAKER AND MARJORIE Z. ZEDAKER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18876-10S.                    Filed June 1, 2011.

Larry Ray Zedaker and Marjorie Z. Zedaker, pro sese.

<u>Rebecca S. Duewer-Grenville</u>, for respondent.


ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect when the petition was filed.[1]  Pursuant to section
7463(b), the decision to be entered is not reviewable by any

---

[1]  Unless otherwise indicated, all subsequent section
references are to the Internal Revenue Code, as amended, and all
Rule references are to the Tax Court Rules of Practice and
Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

This matter is before the Court on Respondent's Motion For Summary Judgment, filed April 15, 2011.

After a concession by petitioners,[2] the issue for decision is whether respondent correctly determined that petitioners were required to report in gross income $13,311 of a $19,100 retirement annuity distribution for 2008. As explained in greater detail below, we hold that petitioners were so required, and we shall therefore grant respondent's Motion For Summary Judgment.

Background

Petitioners resided in the State of California when the petition was filed. All references to petitioner in the singular are to Marjorie Z. Zedaker.

Before 1986 petitioner was a teacher for the State of California, and during her tenure as a teacher she made contributions to and accumulated interest in the California State Teachers' Retirement System (CalSTRS). In 1986 petitioner

---

[2] In the notice of deficiency, respondent determined that petitioners failed to report $89 in wage income. In the petition, petitioners did not contest respondent's determination regarding this adjustment, nor have they otherwise raised any issue regarding it. Under Rule 34(b)(4), any issue not raised in the assignment of errors in the petition is deemed conceded by the taxpayer. Jarvis v. Commissioner, 78 T.C. 646, 658 (1982); Gordon v. Commissioner, 73 T.C. 736, 739 (1980).

withdrew all of her contributions and accumulated interest from her CalSTRS account and paid the appropriate Federal income tax on the amount withdrawn.

In 1991 petitioner returned to teaching and redeposited $149,553.01 into her CalSTRS account.

Petitioner subsequently retired from teaching, and on July 1, 2004, her CalSTRS retirement annuity became effective. In 2004 petitioner attained the age of 60.

As of August 1, 2006, petitioner's CalSTRS monthly annuity benefit was $1,524.46, which monthly benefit would continue for petitioner's lifetime.[3]

During 2008 petitioner received a gross distribution of $19,100 from her CalSTRS account. CalSTRS reported on a Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., the $19,100 gross distribution and indicated thereon a taxable amount of $13,311.

On their 2008 Federal income tax return, petitioners did not report any of the $19,100 gross distribution in gross income.

In a notice of deficiency respondent determined, inter alia, that petitioners failed to report $13,311 of the $19,100 distribution in gross income.

---

[3] The record suggests that petitioner's annuity was index linked.

On August 23, 2010, petitioners filed a petition for redetermination, and issue was subsequently joined.

As stated above, respondent filed his Motion For Summary Judgment on April 15, 2011.  Petitioners filed an Objection to respondent's motion on May 2, 2011.

## Discussion

### A.  Summary Judgment

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials.  Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(a) and (b).

After carefully reviewing the record, we are satisfied that there is no genuine issue as to any material fact, and a decision may be rendered as a matter of law.  Accordingly, we shall grant respondent's Motion For Summary Judgment.

### B.  Includability of Annuity Payments

Section 72(a) generally requires that any amount received as an annuity be included in gross income.  Section 72(d) allows taxpayers to exclude the benefits that represent a return of

their own investment in a qualified employer retirement plan under the simplified method for recovery of investment.[4] The simplified method excludes from gross income the amount of any monthly annuity payment that does not exceed the amount obtained by dividing the taxpayer's contribution to the plan by the number of anticipated payments. Sec. 72(d)(1)(B). If the age of the annuitant on the annuity starting date is more than 55 but not more than 60, the number of anticipated payments is 310. Sec. 72(d)(1)(B)(iii).

Respondent contends that petitioners may exclude from gross income each month $482.43 (i.e., $149,553.01/310 = $482.43) of petitioner's annuity payment from CalSTRS under the simplified method in section 72(d). Therefore, respondent contends that petitioners are entitled to a yearly exclusion of $5,789.16 (i.e., $482.43/mo. x 12 mos.), or, in other words, petitioners must report in gross income $13,311 of the $19,100 gross distribution (i.e., $19,100 - $5,789.16 = $13,310.84).

In contrast, petitioners argue that under the simplified method it will take 25 years for petitioner to recover her investment in the contract, at which time petitioner would be 90 years old and beyond her life expectancy. Therefore, petitioners argue that fairness dictates a more reasonable approach, and they

_____

[4] CalSTRS is a qualified employer retirement plan. See sec. 403(b); see also secs. 4974(c), 170(b)(1)(A)(ii) (cross-referenced in sec. 403(b)(1)(A)(ii)).

suggest that the Court adopt the "first in, first out" formula advocated by the AARP. Under this formula, petitioners argue that all payments received under the annuity contract would be tax free until petitioner had recovered her $149,553.01 initial investment; thereafter, the full amount of all payments received by petitioner would be subject to income tax. Petitioners argue that under this method petitioner would recoup her initial investment within 8 years.

We are cognizant of the inequity that petitioners perceive in the application of the simplified method under the circumstances of their case. The result that petitioners request was available to taxpayers whose annuity starting date was on or before July 1, 1986, when the predecessor to the current section 72(d) provided a 3-year basis recovery rule under certain circumstances. Under that provision, if a taxpayer would recover his or her total contribution in the first 3 years of the annuity, then the taxpayer could exclude all amounts received under the contract until there had been so excluded an amount equal to the taxpayer's contribution; thereafter, all amounts received would be fully includable in gross income. Id. However, this provision was repealed by the Tax Reform Act of

1986, Pub. L. 99-514, sec. 1122(c)(1), (h)(1)-(7), 100 Stat. 2467, 2470.[5]

Petitioners should understand that the Tax Court is a court of limited jurisdiction and that we are not at liberty to make decisions based solely in equity. See Commissioner v. McCoy, 484 U.S. 3, 7 (1987); Woods v. Commissioner, 92 T.C. 776, 784-787 (1989); Estate of Rosenberg v. Commissioner, 73 T.C. 1014, 1017-1018 (1980); Hays Corp. v. Commissioner, 40 T.C. 436, 442-443 (1963), affd. 331 F.2d 422 (7th Cir. 1964)  In other words, absent some constitutional defect, we are constrained to apply the law as written, see Estate of Cowser v. Commissioner, 736 F.2d 1168, 1171-1174 (7th Cir. 1984), affg. 80 T.C. 783 (1983), and we may not rewrite the law because we may deem its "'effects susceptible of improvement'", see Commissioner v. Lundy, 516 U.S. 235, 252 (1996) (quoting Badaracco v. Commissioner, 464 U.S. 386, 398 (1984)).  Accordingly, petitioners' appeal must, in this instance, be addressed to their elected representatives.  "The proper place for a consideration of petitioner's complaint is in the halls of Congress, not here." Hays Corp. v. Commissioner, supra at 443.

---

[5] The Court notes that even if petitioner's annuity starting date was on or before July 1, 1986, petitioner would not have recovered her basis within the first 3 years of the annuity, and, therefore, the 3-year basis recovery rule under former sec. 72(d) would not have applied.

Petitioners impress us as conscientious taxpayers who take their tax responsibilities seriously and try to follow the rules. Unfortunately for them, we are constrained by the law, as discussed above, to hold that they are required to include in gross income $13,311 of the $19,100 gross distribution from CalSTRS.

## Conclusion

Finally, in reaching the conclusions described herein, we have considered all of the arguments made by petitioners, and, to the extent not expressly discussed above, we find that those arguments do not support a result contrary to that reached herein.

To reflect the foregoing,

<u>An order granting respondent's Motion For Summary Judgment and decision for respondent will be entered</u>.