T.C. Summary Opinion 2012-33

UNITED STATES TAX COURT

JEFFREY S. CARTER AND KANDIE ANDERSON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23646-10S.                          Filed April 17, 2012.

Jeffrey S. Carter and Kandie Anderson, pro sese.

<u>Lewis A. Booth II</u>, for respondent.

SUMMARY OPINION

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions

of section 7463 of the Internal Revenue Code in effect when the petition was filed.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any

other court, and this opinion shall not be treated as precedent for any other case.

Unless otherwise indicated, subsequent section references are to the Internal Revenue Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent issued petitioners a notice of deficiency in which he determined a deficiency of $2,000 for 2008. The issue for decision is whether petitioners are liable for the section 72(t) additional tax for an early withdrawal from a qualified retirement plan.

Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference. Petitioners resided in Texas when they filed their petition.

On September 13, 2008, Hurricane Ike made landfall near Galveston, Texas, as a strong category 2 storm.[1] Hardin County was one of the many counties in the hurricane's path. Subsequently, Hardin County was designated a Federal disaster

---

[1]The Court takes judicial notice that hurricanes are classified by the intensity of their sustained winds on the Saffir-Simpson Hurricane Wind Scale. The categories range from 1 to 5, with a category 5 storm being the strongest. A category 2 hurricane will have sustained winds between 96 and 110 miles per hour that will cause extensive damage. National Oceanic and Atmospheric Administration, Saffir-Simpson Hurricane Wind Scale, http://www.nhc.noaa.gov/aboutsshws.php.

area, and the residents there were eligible for limited relief from filing deadlines under section 7508A. Petitioners lived in Hardin County in 2008.

Petitioners took an early distribution of $20,000 from petitioner husband's qualified retirement plan held by Principal Life Insurance Co. to repair property damaged by the storm and to supplement income that they lost because of the storm. Petitioners included the distribution in their income for 2008 and included Form 5329, Additional Taxes on Qualified Plans (including IRAs) and Other Tax-Favored Accounts, with their 2008 joint Federal income tax return. On Form 5329 petitioners listed the $20,000 as an early distribution and claimed that the entire amount was not subject to the additional tax on early distributions.

Respondent issued petitioners a notice of deficiency in which he determined that they were liable for the 10% additional tax for an early distribution from a qualified retirement plan.

## Discussion

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); see INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933). In some cases the burden of proof with respect to relevant factual issues may shift to the Commissioner under section

7491(a). The issue for decision in this case is a legal issue. Therefore, the burden of proof under section 7491(a) is not relevant to the Court's decision.

"If any taxpayer receives any amount from a qualified retirement plan * * *, the taxpayer's tax under this chapter for the taxable year in which such amount is received shall be increased by an amount equal to 10 percent of the portion of such amount which is includible in gross income." Sec. 72(t)(1). Section 72(t), however, will not apply to any qualified hurricane distribution. Sec. 1400Q(a)(1).

A qualified hurricane distribution is defined as a distribution from an eligible retirement plan: (1) made on or after August 25, 2005, and before January 1, 2007, to an individual whose principal place of abode on or after August 28, 2005, is in the Hurricane Katrina disaster area; (2) made on or after September 23, 2005, and before January 1, 2007, to an individual whose principal place of abode on or after September 23, 2005, is in the Hurricane Rita disaster area; and (3) made on or after October 23, 2005, and before January 1, 2007, to an individual whose principal place of abode on or after October 23, 2005, is in the Hurricane Wilma disaster area. Sec. 1400Q(a)(4)(A). An individual must have also suffered an economic loss by reason of one of the named hurricanes for his or her distribution to be a qualified hurricane distribution. Id.

Section 1400Q was extended first to the Kansas Disaster Area, which was damaged by storms and tornadoes in 2007. Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, sec. 15345, 122 Stat. at 2282. Section 1400Q was again extended to the Midwestern Disaster Area damaged by severe storms, tornadoes, and flooding in 2008. Emergency Economic Stabilization Act of 2008, Pub. L. No. 110-343, sec. 702, 122 Stat. at 3912. Texas is not listed as a State included in the Midwestern Disaster Area. Id.

Petitioners argue that because the Government created an exemption from the 10% additional tax for taxpayers affected by Hurricanes Katrina, Rita, and Wilma and for taxpayers affected by the 2007 Kansas storms and tornadoes and the 2008 Midwestern severe storms, tornadoes, and flooding, it is only fair that they be granted the same exemption.

Although the Court sympathizes with petitioners' situation in dealing with damage from Hurricane Ike, the Tax Court is a court of limited jurisdiction and cannot make decisions solely on the basis of equity. See Commissioner v. McCoy, 484 U.S. 3, 7 (1987); Woods v. Commissioner, 92 T.C. 776, 784-787 (1989); Estate of Rosenberg v. Commissioner, 73 T.C. 1014, 1017-1018 (1980); Hays Corp. v. Commissioner, 40 T.C. 436, 442-443 (1963), aff'd, 331 F.2d 422 (7th Cir. 1964). Petitioners did not identify, and the Court is unable to find, any exemption

for early distributions from qualified retirement plans for taxpayers who suffered damages and economic losses from Hurricane Ike.[2]

Respondent's determination is sustained.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.

---

[2]Petitioners' early distribution is not one of the certain distributions to which subsec. (t)(1) shall not apply.  <u>See</u> sec. 72(t)(2).